# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America | |
| v. | Case No. 25-mj-5118 |
| MARVIN JOSE ESPANA | |
| *Defendant* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of April 15, 2025, in the County of Erie, in the Western District of New York, the defendant, an alien, was found in the United States, after previously being removed or deported from the United States, without prior authorization or approval from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, in violation of **Title 8, United States Code, Sections 1326(a)**.

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

THOMAS J. COFFMAN
BORDER PATROL AGENT
UNITED STATES BORDER PATROL
*Printed name and title*

Sworn to before me and signed telephonically.

Date: April 23, 2025

*Judge's signature*

City and State: Buffalo, New York

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF ERIE      )  SS:
CITY OF BUFFALO    )

I, **Thomas J. Coffman**, being duly sworn, deposes and says that:

1. I am a Border Patrol Agent with the United States Border Patrol ("Border Patrol"), within the Department of Homeland Security (DHS), stationed in Buffalo, New York. I have been so employed as a Border Patrol Agent for fourteen (14) years. In such capacity, my official duties include investigating persons who have violated federal immigration laws, including violations of the Immigration and Nationality Act and other related federal statutes. As part of those duties, I have conducted and participated in investigations relating to the unauthorized re-entry in the United States following removal, in violation of Title 8, United States Code, Section 1326(a).

2. As a Border Patrol Agent, I am authorized to investigate violations of laws of the United States, and I am a Law Enforcement Officer with the authority to affect arrests and execute criminal complaints and warrants issued under the authority of the United States.

3. I make this Affidavit in support of the attached Criminal Complaint charging MARVIN JOSE ESPANA, born in 1979 in Honduras, with a violation of Title 8, United

States Code, Section 1326(a) (Re-entry of Removed Aliens). The affidavit is based upon my own knowledge, my review of official records of the former Immigration and Naturalization Service ("INS") and current Immigration & Customs Enforcement ("ICE"), and upon information that I obtained from other law enforcement officers involved with this investigation.

4. The statements contained in this affidavit are based upon my personal observations, my training and experience, my review of official records, and upon information provided to me by other U.S. Border Patrol Agents and law enforcement officers.

5. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that MARVIN JOSE ESPANA did knowingly violate Title 8, United States Code, Sections 1326(a).

6. On or about April 15, 2025, at approximately 8:30 a.m. Buffalo Border Patrol Station Agents responded to a request for assistance from officers of the Amherst Police Department in Amherst, New York, within the Western District of New York. Amherst Police Department had detained two subjects and relayed their biographical information to the Buffalo Sector Integrated Border Communications Center (IBCC).

7. The Buffalo Sector IBCC conducted a record check and identified MARVIN JOSE ESPANA to be a citizen and national of Honduras who was illegally present in the United States after previously been removed from the United States.

8. Border Patrol Agents arrived on the scene of a traffic stop at approximately 8:45 a.m. On scene, Border Patrol Agents encountered two subjects, including MARVIN JOSE ESPANA, and questioned the subjects as to their citizenship and legal status in the United States.

9. U.S. Border Patrol Agents confirmed through questioning that MARVIN JOSE ESPANA is a citizen and national of Honduras, and not a national of the United States. MARVIN JOSE ESPANA admitted to entering the United States without inspection through Texas approximately ten years ago and further admitted that he does not have any immigration documents that would allow him to be present or remain in the United States lawfully.

10. Upon confirming that MARVIN JOSE ESPANA was present in the United States without authorization, U.S. Border Patrol Agents took MARVIN JOSE ESPANA into custody and transported him to the Buffalo Border Patrol Station for processing. As a part of processing, an electronic scan of the defendant's fingerprints into the Integrated Automated Fingerprint Identification System (IAFIS) to verify his identity and any immigration history he may have in the United States. This query resulted in an identical biometric match to MARVIN JOSE ESPANA.

11. Immigration database record checks associated with MARVIN JOSE ESPANA's fingerprints revealed the following facts:

   a. MARVIN JOSE ESPANA is a native and citizen of Honduras.

   b. On or about May 16, 2007, MARVIN JOSE ESPANA was ordered removed under Expedited Removal Proceedings in Falfurrias, Texas.

   c. On or about June 22, 2007, MARVIN JOSE ESPANA was removed from the United States through the Harlingen, Texas Port of Entry pursuant to an order of removal.

   d. On or about August 12, 2014, MARVIN JOSE ESPANA was once again ordered removed by a designated Immigration official in Rio Grande City, Texas pursuant to a Reinstatement of Prior Order of Removal.

   e. On or about August 19, 2014, MARVIN JOSE ESPANA was removed from the United States via airplane from the Brownsville, Texas airport.

   f. As part of the Reinstatement Order, MARVIN JOSE ESPANA was warned that it is a crime under Title 8, United States Code, Section 1326, punishable my imprisonment and/or monetary fines, for an alien who have been removed from the United States to enter, attempt to enter, or be found in the United States without the Secretary of Homeland Security's express consent.

12. There is no evidence that MARVIN JOSE ESPANA had any authorization or approval from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to re-enter the United States after his last removal.

13. Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that on or about April 15, 2025, within the Western District of New York, MARVIN JOSE ESPANA, an alien who was removed from the United States on or about August 19, 2014, at or near Brownsville, Texas, was found in the United States without having obtained the express consent of the Attorney General or the Secretary of the

4

Department of Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a).

*Thomas J. Coffman*

THOMAS J. COFFMAN
U.S. Border Patrol Agent
United States Border Patrol

Sworn and subscribed to before me telephonically on this 23rd day of April, 2025.

*Michael J. Roemer*

HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge